[McCarrell, et al. v. Hayes, et al.]

# McCarrell, *et al. v.* Hayes, *et al.*

*Bill to Dissolve Partnership and for an Accounting.*

(Decided February 12, 1914.  Rehearing denied April 23, 1914.
65  South.  62.)

1. *Partnership; Dissolution; Change in Firm.*—A sale of all the assets of a partnership composed of two persons to another firm composed of one of the original parties, and third persons, operated as a dissolution of the first partnership.

2. *Same; Liability to Third Person; Acts Committed After Dissolution.*—The rule which makes one partner liable for the misrepresentation of another, does not apply to render a partner, whose interests were sold to others, 'which others assumed the debts of the firm as shown upon the books, liable for the acts of his former partner as a member of the new firm, in applying the assets of that firm to the payments of the debts of the old firm, which debts had been concealed from the purchasers and not assumed by them.

3. *Same; Fraud; Liability.*—Where one of the partners secured purchasers for the other partner's interest in the firm by falsifying the books of the firm so as to conceal some of the firm debts, but the purchasers assumed only the debts of the firm as they appeared on the books at the time of the sale, such purchasers cannot be said to have been injured by the fraud.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by C. W. Hayes and others, against J. G. McCarrell and another, for an accounting.  Decree for complainants and respondents appeal.  Reversed and rendered in part and in part affirmed.

LAWRENCE E. BROWN, TURNER PETTY, and S. S. PLEASANTS, for appellants.  Error infected the decree in holding Boggs jointly liable with McCarrell for damages growing out of the alleged representations made by McCarrell at the time they bought.—*Chamberlain v. Prior,* 41 N. Y. 539; *Margetts v. Lindsey,* 112 Pac. 339; 84 Ill. 517; *Taylor v. Thompson,* 111 N. Y.  There was nothing of privity between complainant and Boggs.—

*Bomar v. Rosser,* 131 Ala. 215; *Stephenson v. Allison,* 123 Ala. 439; *Harrison v. Ala. Mid.,* 144 Ala. 246. The demurrers interposed by appellant McCarrell should have been sustained.—*Henderson v. Vaughn,* 5 Ala. 609; *Smith v. Murphy,* 58 Ala. 630; *McIntosh v. Alexander,* 16 Ala. 87; *Paige v. Bartlett,* 101 Ala. 193; 20 Cyc. 30-53. In order to rescind they must put McCarrell in statu quo.—Authorities supra. The fact that McCarrell paid the money to satisfy a debt due the bank of which they had no knowledge, is not a fraud.—*Ball v. Farley,* 81 Ala. 228; *Allgood v. Bank,* 115 Ala. 418.

BOULDIN & WIMBERLY, for appellee. One partner is liable for the frauds perpetrated by his associates on behalf of his firm.—30 Cyc. 526. Under the mortgage, a secret encumbrance was placed on the interest in the second firm with rights to come in, dissolve and wind it up.—*Renfroe v. Benedick,* 75 Ala. 121. One whose property is applied by others to the satisfaction of a debt or encumbrance, is subrogated to the rights of the creditor or encumbrancer.—37 Cyc. 467; *Murphree v. Clisby,* 168 Ala. 339.

SAYRE, J.—Defendants McCarrell and Boggess were engaged in a mercantile business at Fackler in Jackson county under the firm name and style of J. G. McCarrell & Co. The management of the business had been left to McCarrell, so that Boggess, who was a practicing physician and lived about six miles away, knew little of the business. He knew, however, or had good reason for believing, that it was making no money, for it had paid no dividends, and early in the year 1910 informed McCarrell that he desired to dispose of his interest. McCarrell brought this fact to the attention of complainants, who had perhaps been making inquiries with a

view to the purchase of an interest in the business, and, as the result of negotiations, conducted on the part of J. G. McCarrell & Co. by McCarrell, the stock and accounts of that firm were sold to a partnership composed of complainants and McCarrell, who thereafter did business under the firm name of Hayes, Jones & Co. This, of course, operated a dissolution of the partnership between the defendants McCarrell and Boggess. Pending the negotiation, an invoice of the stock of goods was taken, and of this there is no complaint. The books of account were also examined, and an estimate of the bills receivable and payable made, which resulted in an understanding that they about offset each other in value, so that complainants, so far as they were concerned, purchased the business on the idea that the stock of goods on hand was worth the money they paid. Thereafter Hayes, Jones & Co. conducted their business, depleting the stock and accumulating debts, and at the end of 12 months turned the stock over to their creditors in settlement of their debts. This has been accepted by the membership of that firm as a dissolution. Now Hayes and Jones file this bill against McCarrell and Boggess averring that, as part of the transaction by which they acquired the business of the old firm, they assumed and undertook to pay its liabilities as they were shown and represented to be, viz., about the sum of $1,700, and that during the negotiation McCarrell, acting on behalf of himself and his partner Boggess, falsely and fraudulently represented that the books of old concern correctly showed its liabilities, and in order to bear out that representation falsified the books upon which, along with McCarrell's statements, complainants relied, and praying that McCarrell and Boggess be brought to account and be required to make good the loss complainants have sustained by reason of

[McCarrell, et al. v. Hayes, et al.]

the fact that the debts of the old firm were largely in excess of what they were represented to be. There was also the general prayer for relief.

On the facts thus shown we do not see that complainants have suffered any injury by the alleged misrepresentations. The bill and the testimony of complainants concur to the effect that complainants assumed only the debts of the old firm shown by its books. During its continuance the business of Hayes, Jones & Co. was largely left to the management of McCarrell as the old business had been, and the proof goes to show that during that time McCarrell applied funds of the new firm to the payment of obligations of the old firm for which complainants had never agreed or intended to become responsible. But this did not fasten responsibility on Boggess according to the theory of the bill or on any other ground. The testimony fails to implicate Boggess in the fraud of McCarrell. It shows clearly that he knew little of his own business, most probably nothing of the items or even the sum of its debts, and that he neither participated in nor had knowledge of any representations made by McCarrell in respect to its condition. Nor is there anything going to show that he had any agency in or knowledge of McCarrell's misappropriation of the funds of Hayes, Jones & Co. to the payment of the debts of J. G. McCarrell & Co. He was responsible for those debts, though he no doubt thought they had been assumed by Hayes, Jones & Co. But he was not responsible to Hayes, Jones & Co., nor could he be made an involuntary debtor to them by McCarrell's misappropriation of their funds to the payment of debts for which both he and McCarrell were responsible.

But complainants rely upon the familiar rule that in the transaction of the partnership business each partner

is the agent of the other and each is responsible for the representations of the other as the principal is responsible for the representations of his agent made in the course of his agency and within his authority express or implied. This rule is of unimpeachable authority and expedience, and it may be conceded that its application to this cause would result in a decree holding the defendant Boggess to responsibility for the damage, if any, caused to complainants by McCarrell's alleged fraudulent representations in respect to the amount of the outstantding liabilities of the firm of J. G. McCarrell & Co. But on their own testimony complainants assumed only those debts of which they were informed. McCarrell's deception made them responsible for no other, nor did it in any way affect the value of what they got by the transaction. True, the assets of the firm of J. C. McCarrell & Co. which came into the possession and ownership of complaiants' firm, by a sort of subrogation to the right of McCarrell to have them applied to the payment of the debts of the old firm, might have been subjected to the claims of the creditors of the old firm; but that has not been done, nor can it now be done. The assets of the old firm have been applied to the uses and benefit of the new firm, except such part of them as went to produce the funds misapplied by McCarrell after he became a member of the new partnership with the affairs of which Boggess had no connection or concern. For that misappropriation Boggess cannot be held accountable, as we have seen. It follows, on the facts shown, that no harm resulted to complainants from the alleged misrepresentations of McCarrell, and that the bill as against Boggess should have been dismissed.

Complainants alleged in their bill, and have shown, a conversion by McCarrell of some small items of the

[McCarrell, et al. v. Hayes, et al.]

property of Hayes, Jones & Co. in the erection of his dwelling house. That property may be reached to the extent of the value of these items, as the bill prays, by a decree which must, however, save the rights of incumbrancers whose claims have been made to appear in the evidence.

For the rest, complainants' claims against McCarrell will be determined, under the general prayer for relief, by the reference which has been ordered and the decree which will follow. The principles to govern the further progress of the cause as between complainants and McCarrell are the principles which govern an accounting between partners.

The decree of the chancery court will be reversed on the separate assignment of error by Boggess, and a decree here rendered dismissing the cause as to him. On the assignment of McCarrell the decree of the chancery court is affirmed. The costs of the appeal will be paid, one half by appellees, the other by McCarrell. The costs in the chancery court will be left to the disposal of the chancellor as between complainants and McCarrell as may seem proper when final disposition is made of the cause.

Reversed and rendered in part; affirmed in part.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ,. concur.